# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1177

_____

United States of America,          *
                                   *
          Appellee,                *     Appeal from the United States
                                   *     District Court for the Western
     v.                            *     District of Missouri.
                                   *
Nancy E. Queen, also known as      *          [PUBLISHED]
Nancy E. Hedrick,                  *
                                   *
          Appellant.               *

_____

Submitted: January 9, 2006
   Filed: January 13, 2006

_____

Before MURPHY, FAGG, and SMITH, Circuit Judges.

_____

PER CURIAM.

     Nancy E. Queen pleaded guilty to conspiracy to distribute pseudoephedrine knowing it would be used to make methamphetamine. The district court* sentenced Queen to time served and three years of probation. Queen appealed, and we affirmed. United States v. Queen, No. 03-2796 (8th Cir. Mar. 25, 2004). In September 2004, Queen was ordered to report to a halfway house for substance abuse treatment. She

_____

*The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

refused, and the Government moved to revoke her release. The district court found Queen had violated the conditions of her release, revoked her probation, and on November 10, 2004, sentenced her to eleven months in prison.

On appeal, Queen contends the district court lacked jurisdiction to sentence her because she had a § 2255 motion pending at the time of her November 2004 sentencing. Specifically, in October 2004, Queen filed a 28 U.S.C. § 2255 motion alleging her conviction was unlawful because of violations of the Interstate Agreement on Detainers, and because her appointed counsel had rendered ineffective assistance. The district court denied the motion and her motions for a certificate of appealability. Queen appealed these rulings in a separate appeal filed in February 2005, three months after her revocation sentencing.

Although a federal district court and a federal court of appeals should not assert jurisdiction over a case at the same time, a notice of appeal only divests the lower court of jurisdiction over aspects of the case that are the subject of the appeal. Hunter v. Underwood, 362 F.3d 468, 475 (8th Cir. 2004). District courts retain jurisdiction to enforce their orders when the same issues are not simultaneously before the district court and appellate court. United States v. Phelps, 283 F.3d 1176, 1180-81 n.5 (9th Cir. 2002); Doe 1-13 v. Bush, 261 F.3d 1037, 1064 (11th Cir. 2001).

Here, there was no appellate action pending at the time of the revocation and sentencing. Although Queen had filed her § 2255 motion with the district court before the November 2004 revocation hearing, the motion was not the subject of any appellate litigation until January 2005 when Queen first sought a certificate of appealability. Even if there was an active appellate cause at the time of the November 2004 sentencing, the cause did not involve issues related to Queen's violations of the conditions of her probation. Thus, the district court was not divested of jurisdiction with respect to Queen's probation violations.

Accordingly, we affirm the district court, and dismiss as moot the Government's motion to dismiss.

_____